IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MILLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4270 |
| | : | |
| NORMAN BAEHR, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                    **FEBRUARY 10, 2023**

Plaintiff Dawn Miller filed this civil action based on allegations related to a landlord-tenant dispute that purportedly escalated into criminal conduct, including alleged trespassing and attempted arson. Miller seeks to proceed *in forma pauperis* in this matter. For the following reasons, the Court will grant Miller leave to proceed *in forma pauperis*, dismiss Miller's federal claims with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss Miller's state law claims for lack of subject matter jurisdiction.

### I.      FACTUAL ALLEGATIONS

Miller names four Defendants: (1) Norman Baehr, identified as Miller's brother, (Compl. (ECF No. 2) at 4); (2) Mark Akins, identified as Baehr's "partner and lover," and the owner of a property where Miller rented an apartment (*id.* at 2-3, 7); (3) Barbara Akins, identified as Mark Akins' wife, (*id.* at 7); and (4) Matthew Rutkowski, identified as an individual who purchased Akins' property where Miller rented an apartment. (*Id*. at 2-7.) Miller alleges that in April of 2019 she rented an apartment in a building owned by Mark Akins. (*Id*. at 2.) According to Miller, she was unable to pay her rent during the COVID pandemic. (*Id*.) She claims that Akins

"coerced" her into paying $5,000 in back rent during the pandemic in violation of the Pennsylvania state eviction moratorium. (*Id*. at 2.)

Miller further claims that, in April of 2022, Akins sold the property where she rented an apartment to Rutkowski, at which point, Miller was given thirty days to move out. (*Id*. at 3.) During the thirty-day period, Miller avers that Rutkowski broke into her apartment, "ransacked the place," "took videos of [Miller's] family including her minor children, and piled dog poop next to Plaintiff's van's door." (*Id*. at 3.) Miller alleges that Rutkowski was arrested for trespassing and sentenced to six months in jail. (*Id*.)

After moving out of the Akins/Rutkowski property, Miller and her family stayed in a camper purchased by Akins. (*Id*. at 3.) Miller alleges that Akins offered his camper as a "coercive tactic to get Plaintiff's family to drop the charges against Defendant Rutkowski so Defendants Mark Akins and Rutkowski could finalize the sale of the building." (*Id*. at 3.) According to Miller, the camper was infested with mold, causing her children to become ill. (*Id*. at 4.) Miller and her family eventually moved out of the camper after smelling smoke caused by "an electrical issue with the camper." (*Id*. at 4, 6.) Miller believes that her brother, Baehr, "rigged the electrical system so that the trailer would catch on fire." (*Id*. at 6.)

Based on these allegations, Miller claims that Defendants violated her Fifth and Fourteenth Amendment rights, presumably pursuant to 42 U.S.C. § 1983.[1] (Compl. at 1-2.) She

---

[1] The Complaint also references 42 U.S.C. §§ 1981 and 1982. (Compl. at 1-2.) Miller appears to have copied nearly verbatim the jurisdictional section of her Complaint from a Complaint filed by her fiancée, Norman Garced, on the same date as her own. *Compare Garced v. Baehr*, No. 22-4266, ECF No. 2 ("Garced Complaint") with *Miller v. Baehr*, ECF No. 2 ("Miller Complaint"). The Garced Complaint named many of the same defendants and contained many of the same allegations of criminal conduct by Akins, Baehr, and Akins' wife, Barbara Akins. The Miller Complaint is devoid of any factual allegations that support a claim under §§ 1981 and 1982. *See Garcia v. Wind Creek Bethlehem, LLC*, No. 22-0292, 2022 WL 4130754, at *19 (E.D. Pa. Sept. 12, 2022) (§§ 1981 and 1982 prohibit private acts of race discrimination.). Section

claims that Defendants' actions led to her family being homeless and caused generalized financial hardship. *See Id*. at 4-6. She seeks $10 million in monetary damages each from Defendants Baehr, Mark Akins and Barbara Akins,[2] and $5 million in monetary damages from Defendant Rutkowski. (*Id.* at 7.)

## II.     STANDARD OF REVIEW

The Court grants Miller leave to proceed *in forma pauperis* because it appears that she is unable to pre-pay the costs for filing this lawsuit. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* As Miller is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

1981 prohibits race discrimination in the making and enforcement of contracts and property transactions, see 42 U.S.C. § 1981(a), while § 1982 prohibits racial discrimination in transactions relating to real and personal property. *See* 42 U.S.C. § 1982. Because Miller merely copied the verbiage from the Garced Complaint and has not alleged any facts to support plausible §§ 1981 and 1982 claims, those claims are dismissed with prejudice.

[2] Other than identifying Barbara Akins as Mark Akins' wife and accusing her of criminal conduct, the Complaint is silent on the role Barbara Akins played, if any, in the landlord-tenant dispute or Miller's subsequent housing issues.

### III. DISCUSSION

#### A. Constitutional Claims

Miller alleges that Defendants' actions violated her due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. (Compl. at 1-2.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Miller has not plausibly alleged facts demonstrating that any Defendant was a state actor for purposes of § 1983. In fact, Miller characterizes the Defendants as "private citizens," (Compl. at 1), whose connections to Miller are through family or a landlord-tenant relationship. (*See* Compl. at 2-7 (stating that Baehr is her brother and the partner of Mark Akins, Miller's

4

landlord who owned her apartment building that he then sold to Rutkowski.).)  As noted above, Miller claims that she rented an apartment in a property owned first by Akins and then purchased by Rutkowski, who Miller claims trespassed and "ransacked" her apartment.  (*Id*. at 2-3.)  Miller further contends that Akins purchased a camper for Miller's family "as a coercive tactic" in exchange for Miller "drop[ping] charges against Rutkowski so [Akins and Rutkowski] could finalize the sale of the [apartment property]."  (*Id*. at 3.)  She also alleges that her brother, Baehr, tried to set an electrical fire in the camper and that as a result, Miller became homeless.  (*Id*. at 2-4.)  Based on the allegations in the Complaint, it is clear that Defendants are not state actors under § 1983, and therefore, Miller's federal claims will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  *See, e.g., Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (concluding that district court properly dismissed plaintiff's claims against landlords because they were not state actors and plaintiff "present[ed] no allegations giving rise to a plausible inference that the landlords conspired with state actors to deprive [him] of his constitutional rights"); *see also Passarella v. Passarella*, No.19-91, 2019 WL 399014, at *1 (E.D. Pa. Jan. 31, 2019) (no state action under section 1983 where plaintiff claims his family members for improperly using plaintiff's personal information to obtain a mortgage).

    **B.  State Law Claims**

Although Miller sought to pursue federal claims, the Court liberally construes the Complaint to raise claims under Pennsylvania's trespass and landlord-tenant law.[3]  Having

---

[3] In addition to the trespass charges against Rutkowski, Miller accuses her brother, Baehr, of attempted arson and all Defendants of criminal activity including insurance fraud. *See generally* Compl. at 2-7.  However, Miller's claims that Defendants violated unspecified criminal statutes generally do not give rise to a basis for civil liability.  *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to

5

dismissed the federal claims with prejudice, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  Miller does not allege the citizenship of the parties.  She does not provide addresses for herself or the Defendants nor does she say where the parties are domiciled. [4]  However, because the Court

---

infer a private right of action from a criminal prohibition alone[.]"); *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").

cannot state with certainty that Miller will never be able to allege the existence of diversity jurisdiction, she will be granted leave to amend to address this deficiency.

## II.    CONCLUSION

For the foregoing reasons, the Court will grant Miller leave to proceed *in forma pauperis*, dismiss Miller's federal claims with prejudice for failure to state a claim, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction. Miller will be given leave to file an amended complaint that sets forth the basis, if any, for diversity jurisdiction.

An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

[4] On mailings to the Court, Miller has provided a return address that has been entered on the docket. Despite providing this return address, Miller had not provided an address or alleged her citizenship for purposes of diversity.